**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

UNITED STATES OF AMERICA

                              Plaintiff,

v.                                           Case No.: 1:15−cr−00189
                                                 Honorable Sharon Johnson Coleman

Gregory Salvi

                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, December 16, 2020:

      MINUTE entry before the Honorable Sharon Johnson Coleman as to Gregory Salvi: Gregory Salvi, age 47, has filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the COVID−19 pandemic and its effect on his personal health and prison conditions generally. The Court presumes familiarity with its August 24, 2020 ruling denying Salvi's first motion for compassionate release. To recap, Salvi was a former police detective, who pleaded guilty to possession with intent to distribute five hundred grams or more of cocaine in violation of 21 U.S.C. § 846 and using a firearm − his police−issued firearm − in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The Court sentenced Salvi to a below guidelines sentence for the drug count to be served consecutively to the firearm count for a total of 132 months in prison. Salvi began serving his sentence on August 28, 2017. The Court considers the following factors when determining whether to grant a motion for compassionate release: (1) if "extraordinary and compelling reasons" warrant a reduction in sentence; (2) the factors set forth in 18 U.S.C. § 3553(a); and (3) whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission, including that defendant is not a danger to the safety of any other person or to the community. Salvi asserts that he has demonstrated extraordinary and compelling reasons under the circumstances because he is obese. Indeed, obesity is one of the medical conditions identified by the CDC as increasing COVID−19 risk factors. Although Salvi has set forth an extraordinary and compelling reason, the Court must consider the sentencing factors under 18 U.S.C. § 3553(a) and applicable policy statements of the Sentencing Commission. In doing so, the Court denies Salvi's motion based on the seriousness of his underlying conviction where he abused his position as a police officer and violated the public trust for his own personal gain. In addition, releasing Salvi at this time, where he has only served approximately 38 months of his 132−month sentence, would depreciate the seriousness of his offense and undermine the sentence's punitive and deterrent value. The Court thus denies Salvi's motion for compassionate release [123]. Mailed notice. (ym, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.